UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | Case No.: 7:20-mj-00821 |
| versus § | |
| § | |
| § | |
| JOSE LUIS GARCIA § | |
| § | |

## DEFENDANT'S MOTION FOR REVOCATION OF PRE-TRIAL DETENTION ORDER AND REQUEST FOR EXPEDITED HEARING

COMES NOW, the Defendant Jose Luis Garcia, by his counsel, Ismael Rivera, and pursuant to 18 U.S.C. § 3145(b), moves this Honorable Court to revoke the order of detention imposed by Magistrate J. Scott Hacker, on April 6, 2020. Mr. Garcia also requests an expedited hearing of this matter pursuant to 18 U.S.C. § 3145(b), which requires that such motions be determined promptly.

### I.     Procedural History

Mr. Garcia is a United States citizen and is self-employed as the owner and operator of Diesel Construction, Bandit's Café Express, and buys and sells cattle. Mr. Garcia is charged in the criminal complaint with altering, destroying, mutilating, or concealing a record by a government camera in violation of 18 U.S.C. § 1512(C)(1).

On March 30, 2020, Mr. Garcia made his initial appearance before Magistrate Judge J. Scott Hacker. On April 2, 2020, Magistrate J. Scott Hacker held a detention hearing, and on April 6, 2020, determined that there were no conditions that would reasonably assure Mr. Levan's appearance as required, because he concluded that Mr. Garcia was a danger to the community and a flight risk.

1

## II.     Argument

**1.     The Court Must Consider All Reasonable Alternatives to Detention**

**A.     The Court's Review of the Detention Hearing is *De Novo***

Pursuant to 18 U.S.C. § 3145(a), this Court has jurisdiction and authority to review a release order issued by a magistrate judge upon motion by either the defense or the government. Also under § 3145(a), the motion *shall* be determined promptly. The district judge's review of a magistrate judge's release order is *de novo* and that this Court should make its determination based on an independent consideration of the facts, and no deference should be given to the Magistrate's legal conclusion. *United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1990); *See also United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989); *United States v. Tortora*, 922 F.2d 880, 883 (1st Cir. 1990); *United States v. Delker*, 757 F.2d 1390, 1392-95 (3rd Cir. 1985).

**B.     The Charges in the Complaint Require a Presumption in Favor of Release**

"In our society, liberty is the norm, and detention prior to trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Accordingly, the Bail Reform Act provides that a defendant must be released on their personal recognizance or an unsecured personal bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person in the community." 18 U.S.C. § 3145(b), accord *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996). However, if the judicial officer reaches a conclusion where the defendant is deemed a danger to the community and a flight risk, the judicial officer's presumption is rebuttable. 18 U.S.C. § 3142(e).

Additionally, under circumstances in which a personal recognizance bond is insufficient, the officer must choose "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B); See, *United States v. Infelise*, 934 F.2d 103, 105 (7th Cir. 1991) (holding that under § 3142(e) defendants on racketeering charges were entitled to further consideration of electronic ankle bracelets, rather than continued detention, as a lesser restrictive condition). In short, the Court *must* consider all reasonable less restrictive alternatives to detention. 18 U.S.C. § 3142(e). Furthermore, conditions set upon release are intended to be preventative and not punitive in nature. *United States v. Salerno*, 481 U.S. 739, 747 (1987) (evaluating the legislative history of § 3142). In sum, the Bail Reform Act does not modify or limit the presumption of innocence. 18 U.S.C. § 3142(j).

In this case, Mr. Garcia argues that the Magistrate Judge erred in concluding he was a danger to the community. Mr. Garcia further argues that he has no history of violence, as his criminal record suggests, and that the government argued, and agreed by the Magistrate Judge, that Mr. Garcia was capable of committing the acts alleged by the government. The presumption of innocence always weighs in favor of the accused.

Moreover, Mr. Garcia argues that the Magistrate Judge erred in concluding that Mr. Garcia was a flight risk, when in fact, Mr. Garcia has no family ties or business ties in Mexico..

The Magistrate Judge erred in concluding that there were no assurances that could ensure the safety of the community or his appearance, when there are clear measures that can be implemented to ensure the safety of the community and his appearance in court. For example, an ankle monitor, house arrest, or any of the other measures enumerated in the Bail Reform Act. Mr.

Garcia argues that the Magistrate Judge's presumption is rebuttable and Mr. Garcia expects to rebut the presumption that he is a danger to the community or a flight risk.

### C. Legal Standard

The factors set forth in 18 U.S.C. § 3142(g) and the information presented by government counsel at the detention hearing were used to conclude that Mr. Garcia must be detained pending trial. The Court concluded that the government had proven by clear and convincing evidence that Mr. Garcia was a danger to the community and by a preponderance of the evidence that he was a flight risk.

In determining whether conditions exist will reasonably assure the appearance of the defendant as required, the Court should take into account the following factors, as outline in 18 U.S.C. § 3142(g).

> (1) the nature and circumstances of the offense charges, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. Numerous Factors Weigh Against a Finding that No Combination of Conditions Will Reasonably Assure the Defendant's Appearance

### A. Nature and Circumstances of the Offense

Mr. Garcia is charged in the criminal complaint with altering, destroying, mutilating, or concealing a record by a government camera in violation of 18 U.S.C. § 1512(C)(1). If Mr. Garcia is charged with obstruction of justice, Mr. Garcia would be subject to an Offense Level 14, which would place him at 15-21 months. Mr. Garcia has no prior criminal history that would place him outside Criminal History Category I on the Sentencing Table. Additionally, the charge in the complaint, along with Mr. Garcia's lack of criminal history, allow Mr. Garcia an opportunity at probation.

The Court concluded that the "lengthy period of incarceration if convicted" was an additional reason to rule in favor of detention. The charge in the complaint does not carry a "lengthy period of incarceration." However, the Court reached that conclusion when the government argued that Mr. Garcia was a leader of drug trafficking organization. The government focused on arguing that Mr. Garcia *may* face future drug charges, but provided no time frame for a future indictment and they provided no credible proof that Mr. Garcia is linked to an alleged drug organization.

The government argued in favor of detention, not for the current charges, but rather on charges the government is hedging on levying against Mr. Garcia. Over three weeks have elapsed since Mr. Garcia was denied bond and the government has not yet filed a complaint or indicted Mr. Garcia on the alleged drug charges. Because all people accused of a crime are considered innocent until proven guilty, pretrial release should be denied only in "rare circumstances." *United States v. Sanchez-Martinez*, 2013 WL 3662871 (D. Col. 2013); *United States v. Dany*, 2013 WL 4119425 (N.D. Cal. 2013). Additionally, if a conclusion is reached opposing release, the

conclusion should be reached on the charge in the criminal complaint or indictment, and not on complaints or indictments that may or may not exist.

### B. Weight of the Evidence

"The weight of the evidence is the least important of the various factors" to be considered by the Court in determining whether conditions exist which will reasonably assure the appearance of Mr. Garcia. *United States v. Motamedi*, 767 F.2d at 1408 (9th Cir. 1985). The weight of the evidence is the least important factor because Mr. Garcia is presumed to be innocent. 18 U.S.C. § 3142(j). Additionally, Mr. Garcia is presumed innocent on any allegations not included in the filed criminal complaint. Moreover, even "evidence of the commission of a serious crime and the fact that a potentially long sentence" alone is insufficient "to support a finding of risk of flight." *United States v. Friedman*, 837 F.2d 48, 50 (2d Cir. 1988). In this case, Mr. Garcia is charged with an offense that is not deemed a "serious crime" as the term of art suggests. Also, the offense does not carry a "long sentence" if convicted. Rather, the government argued that it was the possible drug charge and the possible sentence that makes Mr. Garcia a flight risk and danger to the community.

However, no established rule of law allows for detention and denial of bail on the possibility of future charges and denying release based on the possibility of future charges is a clear violation of the Eighth Amendment to the United States Constitution. Moreover, the subject of bail and detention also implicates the Fourteenth Amendment's Due Process Clause, and requires that laws imposing pretrial detention "serve a compelling government interest." *United States v. Salerno*, 481 U.S. at 752, (1987); *See* Due Process Clause of the Fifth Amendment. Once again, Mr. Garcia argues that the government interest cannot be one in which the government is making allegations that are beyond what is in the criminal complaint levied against Mr. Garcia.

### C. History and Character of the Defendant

Mr. Garcia was born and raised in the United States. Mr. Garcia graduated high school from Rio Grande City, Texas. Mr. Garcia has four United States citizen children, three boys and a 3 week-old daughter who was recently released from the neo-natal intensive care unit (NICU), as a result of several medical complications. Mr. Garcia's parents are United States citizens and all of Mr. Garcia's siblings are United States citizens, and live in the United States. Mr. Garcia's maternal and paternal aunts and uncles are United States citizens and they also reside in the United States. Mr. Garcia has no ties or family in Mexico.

Mr. Garcia is self-employed as the owner and operator of Diesel Construction, Bandit's Café Express, and buys and sells cattle. Mr. Garcia has no criminal history within the last twenty years. His lone charge was carrying a weapon in 1998 as a young twenty-year old.

### D. Speculation Regarding Alleged Drug Charges and Future Charges

In addition to concluding that Mr. Garcia was a danger to the community and flight risk, the Magistrate Judge found that Mr. Garcia's history of violence or use of weapons, the lengthy period of incarceration, and the weight of the evidence were reasons for denying bail. However, the government's argument was premised on their speculation and belief that Mr. Garcia is the leader of a large drug trafficking organization.  Mr. Garcia has never been found with drugs in his possession, in his home, or anywhere near his person.

The Magistrate's conclusion that Mr. Garcia has a history of violence is rebutted with Mr. Garcia's lack criminal history. Also, the Magistrate Judge's conclusion that that Mr. Garcia is subject to a lengthy period of incarceration, is rebutted by the fact that Mr. Garcia's current criminal complaint does not expose Mr. Garcia to a "lengthy period of incarceration."  Rather, the Magistrate Judge's conclusion was reached on the government's argument that Mr. Garcia may

have future charges levied against him that carry a "lengthy incarceration." However, after three weeks of having been denied bail, the government has not yet filed additional complaints or indicted Mr. Garcia on any new charges. Mr. Garcia, through counsel, argues that his detention is being permitted on speculation and on future charges that may or may not exist. Thus, Mr. Garcia's detention is arbitrary and in opposition to established law.

Moreover, the Magistrate Judge's conclusion that the weight of the evidence against Mr. Garcia is strong is rebutted by the fact that Mr. Garcia is being charged with destroying a government camera, not with charges of drug trafficking. If the government had sufficient evidence against Mr. Garcia to support the allegation that he was a drug trafficker, the government should have filed a criminal complaint or indicted Mr. Garcia on drug charges, rather than on destruction of government property. The weight of the evidence is the least important factor because Mr. Garcia is presumed to be innocent. 18 U.S.C. § 3142(j).

Furthermore, the Magistrate Judge improperly concluded, based on the government's argument, that Mr. Garcia was planning to harm federal agents, and the District Attorney in Starr County. Absolutely nothing in this record or Mr. Garcia's history suggests in any respect that Mr. Garcia would do such a thing. Indeed, nothing about the underlying criminal complaint relates to drug trafficking. *United States v. Kyle Dustin Foggo*, Case No. 08-CR-79 (JCC), E.D.Va. (where defendant was being charged with additional counts that were not presented to the grand jury).

Mr. Garcia argues that the government is attempting to raise the suspicion that Mr. Garcia is a drug trafficker with bits and pieces of information gathered, yet do not have enough to file a criminal complaint or indict Mr. Garcia on drug charges. It is against the Bail Reform Act, the United States Constitution and caselaw, to arbitrarily detain an individual while the government decides when they have enough information to levy charges against a defendant. In this case, the

government filed a criminal complaint alleging destruction of government cameras, yet they argued for detention using information that can be best characterized as speculation in order to raise the presumption that Mr. Garcia is a drug trafficker without charging or indicting Mr. Garcia of such an offense.

Particularly in the context of a case in which a presumption favors release, such as this case where Mr. Garcia is being charged with destruction of government property and not on a non-existent charge, "requiring that release conditions guarantee the community's safety would fly in the teeth of Congress's clear intent that only a limited number of defendants be subject to pretrial detention." *United States v. Tortora*, 922 F.2d 880, 884, (1st Cir. 1990) (citing S. Rep. No. 225, supra, 1984 U.S. Code Cong. & Admin. News at 3189). The current charges of destruction of government cameras, in not an offense for which a presumption exists that no reasonable release conditions are available, the statutory presumption in the Bail Reform Act weighs in favor of release. 18 U.S.C. § 3142(e) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure [appearance or community safety]…if the judicial officer finds that there is probable cause to believe that the person committed [a presumption offense]"). In this case, Mr. Garcia argues that the charge alleged in the criminal complaint is not a charge that cannot be rebutted.

### III.   Conclusion

In sum, in the absence of any other charges or indictment, other than the one brought before this Court by the government, the absence of criminal history, or other charges involving violence, the Magistrate Judge's ruling is improper and must be revoked.

WHEREFORE, Mr. Garcia respectfully requests that this Honorable Court set this matter for an expedited hearing, as soon as practicable, to address the issue of bond in this case, and set appropriate conditions for his release.

Respectfully Submitted,

Ismael Rivera, Esq.

By: _____
Law Office of Ismael Rivera
Texas Bar No.: 24091980
Fed. Bar No.: 2895517
EOIR No.: xx896911
213 W Interstate 2 Ste. E
Pharr, TX 78577
Ph: (956) 685-1055
Fax: (210) 951-5603
irivera1492@yahoo.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served via e-mail on this 27th day of April, 2020 to the following:

Mrs. Patricia Profit
Assistant United States Attorney
United States Attorney's Office
1701 W. Business Hwy. 83, Suite 600
McAllen, Texas 78501
Ph: (956) 618-8010
Email: patricia.profit@usdoj.gov

Attorney for Plaintiff  _____  Regular Mail
              _____  Certified Mail, RRR
              _____  Hand Delivery
              _____  Facsimile
                 X        Electronic Mail

_____
**ISMAEL RIVERA, Esq.**
**Jose Luis Garcia**